UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LAROY DIGGS,<br><br>    Plaintiff,<br><br>        v.<br><br>AMY DAVIS, et al.,<br><br>    Defendants. | Case No. 19-cv-06517-EMC<br><br>**ORDER DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS**<br><br>Docket Nos. 46, 48 |

In this *pro se* prisoner's civil rights action, Michael La Roy Diggs, an inmate at the Patton State Hospital, complains about events and omissions at Napa State Hospital, where he earlier was housed. This matter is now before the Court for consideration of miscellaneous motions filed by Mr. Diggs.

A.   Motion to Dismiss, for Default, and for Documents

Mr. Diggs's first motion objects to a request for an extension of time made by Defendants, asks the Court to enter default in lieu of granting Defendants an extension, and demands the production of Mr. Diggs's medical records. *See* Docket No. 46. This motion is **DENIED**.

As to the first two arguments, the Court granted Defendants' request for an extension of time before Mr. Diggs's motion was received, Docket No. 45, and default is unwarranted because Defendants have actively litigated this action, *see generally*, Docket.

As to the third argument, the Court is sympathetic to Mr. Diggs's frustration at Defendants' delayed production of Mr. Diggs's medical records. However, Mr. Diggs has not made the showing necessary for the Court to order Defendants to produce documents.

First, Defendants state that they are willing to produce documents to Mr. Diggs but are

having logistical difficulties doing so.  *See* Docket No. 47.  It thus is unclear whether there truly is a discovery dispute between the parties and, if so, the nature of that dispute.

Second, even if a discovery dispute exists, Mr. Diggs fails to describe the efforts taken to resolve such a dispute.  *See generally*, Docket No. 46.  Courts should not consider a motion to compel unless the moving party provides a certification which "accurately and specifically conveys to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *Shufflemaster, Inc. v. Progressive Games, Inc*., 170 F.R.D. 166, 170 (D. Nev. 1996).  Additionally, the moving party must actually perform the obligation to confer or attempt to confer in good faith to resolve the discovery dispute without court intervention.  *Id*.  The moving party "must adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties." *Id*. at 171.  Thus, if a discovery dispute exists between the parties, Mr. Diggs must attempt to resolve the discovery dispute with Defendants before Mr. Diggs may request intervention by the Court.  Mr. Diggs also must explain his efforts at resolution.

If Mr. Diggs believes Defendants are improperly withholding Mr. Diggs's medical record, he should attempt to resolve this dispute via the discovery process and then, only if such attempts fail, file a motion to compel production of that record which satisfies the requirements detailed above.

B.    Motion Regarding Mail

Mr. Diggs's second motion argues that persons at his current place of incarceration, Patton State Hospital, improperly are opening mail addressed to Mr. Diggs by the Court.  *See* Docket No. 48. Mr. Diggs seeks an injunction requiring those persons to cease opening his mail.  *See id*.  He also seeks the production of all administrative directives from Napa State Hospital.  *See id*.

Defendants respond that none of the persons whom Mr. Diggs accuses of mail tampering are defendants before this Court, and so the Court lacks jurisdiction over them.  *See* Docket No. 50.  They argue that an order to produce all administrative directives is improper because Mr. Diggs has not sought those documents through discovery, much less satisfied the requirements for

a motion to compel. *See id.*

Defendants are correct on all fronts. As to the alleged mail tampering, Mr. Diggs is housed at Patton State Hospital, a facility in the Central District of California. Neither that facility, nor employees thereof, are parties to this action. The Court therefore has no jurisdiction to enjoin their activities. Mr. Diggs's motion therefore must be **DENIED**. However, this denial is without prejudice to Mr. Diggs filing an action in the Central District of California seeking an injunction against alleged mail tampering.

As to the production of administrative directives, Mr. Diggs first must attempt to obtain the directives via the discovery process and then, only if such attempts fail, file a motion to compel production of the directives which satisfies the requirements detailed above.

## II. CONCLUSION

Mr. Diggs's motions are **DENIED**. Docket Nos. 46, 48.

Defendants' summary judgment motion remains pending, and will be addressed by a future order of the Court.

This order disposes of Docket Nos. 46 and 48.

**IT IS SO ORDERED**.

Dated: August 25, 2022

_____
EDWARD M. CHEN
United States District Judge